IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LUZ BARRON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 12-5033-CV-SW-RED |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). After careful consideration, the Court **DENIES** this motion.

## BACKGROUND

On September 2, 2009, a jury found Movant guilty of the crime of conspiracy to distribute over 50 grams of a mixture or substance containing a detectable amount of methamphetamine. On January 28, 2010, Movant was sentenced to the custody of the Bureau of Prisons for 151 months, followed by 4 years of supervised release. Movant appealed her conviction and on January 5, 2011 the Eighth Circuit Court of Appeals affirmed the District Court's ruling. Movant did not file a writ of certiorari and on March 1, 2012, Movant filed her § 2255 motion.

## DECISION

In Movant's § 2255 Motion, she claims that counsel provided ineffective assistance: (1) with respect to her jury trial and advice related thereto; (2) by failing to properly advise her of the relative advantages and disadvantages of proceeding to trial rather than pleading guilty; (3) with respect to her sentencing; and (4) with respect to her direct appeal. In her motion, Movant refers to a

memorandum in which she will set forth the facts supporting her claims. However, a memorandum in support was never filed. Therefore, Movant's motion is solely supported by her conclusory assertion of ineffective assistance of counsel which she asserts occurred at various times during her proceedings.

To prevail on an ineffective assistance of counsel claim, a movant must show: "(1) that his attorney's performance was deficient, falling below professional standards of competence; and (2) that the deficient performance prejudiced his defense." *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). When evaluating a claim of ineffective assistance, the Court applies an objective standard of reasonableness. *French v. U.S.*, 76 F.3d 186, 188 (8th Cir. 1996). Therefore, "[a] strong presumption exists that defense counsel provided effective assistance." *French* at 188. Moreover, when determining whether counsel's actions prejudiced a movant, the movant "carries the burden 'to affirmatively prove prejudice, which requires proof that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *Id.* (quoting *United States v. Thomas*, 992 F.2d 201, 205 (8th Cir. 1995)). A "reasonable probability" is one which is "'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland* at 694). Furthermore, a court may examine the prejudice aspect of an ineffective assistance of counsel claim without first determining whether counsel's representation was actually ineffective. *McCann v. Armontrout*, 973 F.2d 655, 660 (8th Cir. 1992) (citing *Strickland* at 697).

As stated above, Plaintiff's § 2255 Motion does not contain an explanation of any facts surrounding her claims or the grounds upon which she bases these claims. Though she indicates that she will file a memorandum which will set forth the facts supporting her claims, none was filed.

Therefore, Plaintiff's motion merely consists of conclusory allegations. A "petition which consists only of 'conclusory allegations unsupported by specifics'" is subject to summary dismissal. *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Accordingly, as the Court finds no support, other than conclusory assertions, for Movant's allegations, the Court **DENIES** Movant's § 2255 Motion (Doc. 1). Moreover, "a petition which consists only of conclusory allegations unsupported by specifics . . . is insufficient to overcome the barrier to an evidentiary hearing on a section 2255 motion." *Voytik* at 1308 (internal quotation omitted). Accordingly, the Court will not hold an evidentiary hearing on Movant's § 2255 Motion. Finally, a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" 28 U.S.C. § 2253(c)(2) or if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniels*, 529 U.S. 473, 484 (2000). For the above stated reasons, the Court finds that the conclusory allegations set forth in Movant's § 2255 Motion do not warrant a certificate of appealability. Therefore, the Court will not issue a certificate of appealability on any ground.

## CONCLUSION

For the reasons set forth above, Movant's motion is **DENIED**. The Clerk of the Court is directed to mail a copy of this Order via certified mail, return receipt requested, at: Luz Barron, 21300-045, Carswell Federal Medical Center, Inmate Mail/Parcels, P.O. Box 27137, Fort Worth, Texas 76127.

**IT IS SO ORDERED.**

DATED: September 11, 2012       _/s/ Richard E. Dorr_
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT